IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

_____

MARK PERKINS,

                      Petitioner,

                                    Civil Action No.
    v.                               9:05-CV-1282 (LEK/DEP)

DEBORAH G. SCHULT,[1] Warden,
FCI Ray Brook,

                      Respondent.

_____

APPEARANCES:            OF COUNSEL:

FOR PETITIONER:

MARK PERKINS, *pro se*

FOR RESPONDENT:

HON. GLENN T. SUDDABY       CHARLES E. ROBERTS, ESQ.
Office of United States Attorney    Assistant United States Attorney
Northern District of New York
100 South Clinton Street
P.O. Box 7198
Syracuse, New York 13261-7198

DAVID E. PEEBLES
U.S. MAGISTRATE JUDGE

_____

[1]      Perkins' petition, which was filed in 2005, named T.S. Craig, who at the time was the warden at the Ray Brook Federal Correctional Institution ("FCI Ray Brook"), as the respondent.  Since Warden Craig recently left FCI Ray Brook and Deborah G. Schult has now assumed that role, the clerk's office is requested to adjust its records to reflect substitution of that individual as the named respondent in this proceeding, pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure.

## REPORT AND RECOMMENDATION

Petitioner Mark Perkins, a federal prison inmate as a result of an April, 2000 drug conviction entered in the District of Massachusetts, has commenced this proceeding seeking the court's habeas intervention to rectify perceived errors by the Bureau of Prisons ("BOP") in his calculating his sentence.  In his petition Perkins contends that his federal sentence, which was designated to run concurrently with a partially undischarged state court sentence, should be deemed to reach back to the commencement of that state court sentence and, accordingly, he should be given credit for all periods of incarceration relating to that state sentence, including time served prior to the date of his federal sentencing.

Because it is clear under the well-established principles governing sentence calculation jurisprudence that a federal sentence may not commence prior to the date of its imposition, and the time in issue may not properly be credited to Perkins' federal sentence since it was also allocated to his state court sentence, the petition is lacking in merit and thus subject to dismissal.

2

I.      BACKGROUND

Perkins was arrested by Massachusetts law enforcement

authorities on November 24, 1997, and charged with assaulting a police

officer and disorderly conduct.  Petitioner was released from custody in

connection with that charge on the same day, but was later sentenced

on July 29, 1998 to a six month period of incarceration in connection

with a conviction stemming from that arrest.

Petitioner was again arrested by Massachusetts authorities on

March 7, 1998 and charged with several offenses including, *inter alia,*

distribution of a controlled substance and possession and discharge of

a firearm.  *See* Response to Petition (Dkt. No. 8), Exh. C.  On August

14, 1998 petitioner was sentenced in connection with the conviction

resulting from that arrest to a two and one-half year term of

confinement, to run concurrently with the six month sentence already

being served.  *See id.*, Exh. D.  From the record now before the court it

appears that petitioner remained in the custody of Massachusetts

officials between the time of his arrest on March 7, 1998 and his first

sentencing on July 29, 1998, and consequently received one hundred

and forty-four days of credit, as against his August 14, 1998 sentence,

3

for time served dating back to his arrest on March 7, 1998.

While serving his state sentence, petitioner appeared in the United States District Court for the District of Massachusetts pursuant to a writ of habeas corpus *ad prosequendum* in connection with a federal drug charge which ultimately ripened into a conviction and imposition of the sentence now under attack.  That prosecution led to the entry of a guilty plea, pursuant to a written agreement, on September 1, 1999 before Chief District Judge William G. Young. Petitioner was subsequently sentenced by Chief Judge Young on April 5, 2000 principally to a term of imprisonment of one hundred and twenty-six months, to be followed by a five year period of post-release supervision.  *See* Response to Petition (Dkt. No. 8), Exh. B.  Although the judgment of conviction does not so state, it appears that the petitioner may have received a downward departure under sections 4A1.1 and 4A1.3 of the United States Sentencing Guidelines for over-representation of his criminal history, as well as an additional six month downward adjustment, presumably under section 5G 1.3 of the Guidelines, to account for the state court sentence being served as a result of partially related conduct.  *See* Petition (Dkt. No. 1).

4

Petitioner was released by Massachusetts officials into federal custody on August 11, 2000, and was ultimately transferred into the Ray Brook Federal Correctional Institution ("FCI Ray Brook"), as his designated BOP facility, on November 7, 2000.  *See* Response to Petition (Dkt. No. 8), Exh. F; *see also* Response to Petition (Dkt. No. 8), Exh. A.  Following his receipt into federal custody the BOP issued a sentence computation determining that petitioner's federal sentence should be deemed to have commenced on the date of its imposition, or April 5, 2000.  Response to Petition(Dkt. No. 8), Exh. A.  The BOP also concluded that petitioner should be credited for the one hundred and forty-four days served in custody between the time of his second state arrest, on March 7, 1998, and July 28, 1998, the day before the imposition of his first state court sentence.  *Id.*, Exh. D.  Based upon that calculation, and assuming application of all applicable good conduct time available by statute, petitioner's projected statutory release date was thus calculated as January 4, 2009.  *Id.*, Exh. A.

II.    PROCEDURAL HISTORY

Following the exhaustion of available, internal remedies, petitioner commenced this proceeding under 28 U.S.C. § 2241 to challenge the

BOP's sentence calculation.  Dkt. No. 1.  Appropriately named as the
respondent in Perkins' petition is T.S. Craig, the Warden at FCI Ray
Brook at the time of commencement.[2]  In his petition, Perkins asserts
that because of the district court's pronouncement that his federal
sentence should run concurrently with the previously imposed sentence
from Massachusetts he should have been given credit, for purposes of
calculating his federal sentence, for all time spent in state custody,
including from July 29, 1998 until imposition of the federal sentence on
April 5, 2000.  Respondent has since answered the petition, asserting
that the BOP sentence calculation was proper, and in compliance with
the applicable statutory provision.  Dkt. No. 8.  This matter, which is
now ripe for determination, has been referred to me for the issuance of
a report and recommendation, pursuant to 28 U.S.C. § 636(b)(1)(B) and
Northern District of New York Local Rule 72.3(c).  *See also* Fed. R. Civ.
P. 72(b).

---

[2]      Since the filing of his petition, Perkins has been transferred into FCI Fort Dix,
another BOP facility.  *See* Dkt. No. 7.  That transfer, however, did not divest this
court of jurisdiction to hear and determine Perkin's habeas petition.  *See United
States ex rel. Sadiku v. INS*, 95 C 1487, 1995 WL 215050, at *2 (N.D. Ill. Apr. 11,
1995); *Ledesma-Valdes v. Sava*, 604 F. Supp. 675, 679 (S.D.N.Y. 1985); *Rasco v.
Superintendent of Metro. Corr. Ctr., Miami, Fl.*, 551 F. Supp. 783, 784-85 (S.D. Fl.
1982).

III.   DISCUSSION

A.   Jurisdiction

In his petition, Perkins seeks federal habeas relief pursuant to 28 U.S.C. § 2241.  That section authorizes the issuance of writs of habeas corpus to federal prisoners "in custody in violation of the Constitution or law or treaties of the United States."  28 U.S.C. § 2241(c)(3).  Section 2241, which has evolved over time and traces its roots to the Judiciary Act of 1789, ch. 20, § 14, 1 Stat. 81-82, empowers the federal courts to issue writs of habeas corpus in cases involving prisoners held "in custody, under or by colour of the authority of the United States." *Triestman v. United States*, 124 F.3d 361, 373 (2d Cir. 1997) (quoting *McCleskey v. Zant*, 499 U.S. 467, 477-78, 111 S. Ct. 1454, 1461 (1991)); *see also Duamatef v. INS*, 386 F.3d 172, 178 (2d Cir. 2004). Because petitioner is challenging the calculation of his federal sentence, as distinct from the vitality of the underlying conviction itself, this proceeding is properly brought under 28 U.S.C. § 2241.  *Levine v. Apker,* 455 F.3d 71, 77-78 (2d Cir. 2006) ("A challenge to the *execution* of a sentence – in contrast to the *imposition* of a sentence – is properly filed pursuant to section 2241.") (citations omitted) (emphasis in

7

original)*; see Poindexter v. Nash*, 333 F.3d 372, 377 (2d Cir. 2003)

(prisoner may challenge execution of sentence, such as calculations by

the BOP of credit to be given for detention, under section 2241); *Billiteri*

*v. United States Bd. of Parole*, 541 F.2d 938, 947 (2d Cir. 1976)

(complete discharge or release on parole properly sought under section

2241); *United States v. Caceres-Lopez*, No. 95-CR-135, 1998 WL

16019, at *1 (N.D.N.Y. January 12, 1998) (Munson, J.) (petitioner's

claim for pre-sentence credit should have been brought under section

2241, not section 2255); *see also Owens v. Gaines*, 219 F. Supp. 2d

94, 95-98 (D.D.C. 2002) (United States district court proper forum for

challenge to parole revocation by United States Parole Commission,

even when such parole arose out of DC Superior Court conviction).

   B.   The BOP's Sentence Calculation

   The basis for petitioner's quarrel with the BOP sentence

calculation is easily stated; in essence, Perkins maintains that when a

federal court imposes a sentence which is designated to run

concurrently with a partially undischarged state sentence, the

commencement date of the federal sentence should be deemed to

reach back to commencement of the concurrent state court sentence.

As respondent notes, however, while at first blush this contention is facially appealing, it is fatally flawed, disregarding established principles regarding federal sentence computations.

The calculus associated with affixing the appropriate end date of a federal prison sentence is a matter falling within the jurisdiction of the Attorney General, who has in turn delegated that responsibility to the BOP. *United States v. Wilson*, 503 U.S. 329, 331-33, 112 S. Ct. 1351, 1353-54 (1992); *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997); *Chambers v. Holland*, 920 F. Supp. 618, 621 (M.D. Pa.), *aff'd*, 100 F.3d 946 (3d Cir. 1996) (unpublished).  For sentences rendered in and after 1987, when the Sentencing Reform Act of 1984, 18 U.S.C. § 3551 *et seq.*, became effective, sentence calculation is governed primarily by 18 U.S.C. § 3585.  *Id.*

Section 3585 prescribes a two-step process for the calculation of federal sentences.  That process entails a determination of both 1) when the sentence commences, and 2) what credit should be awarded for time served prior to the date of commencement.  18 U.S.C. § 3585; *Pineyro*, 112 F.3d at 45; *Chambers*, 920 F. Supp. at 621.

1.    <u>Sentence Commencement</u>

Commencement of a federal prisoner sentence is defined by

statute as follows:

> A sentence to a term of imprisonment
> commences on the date the defendant is
> received in custody awaiting transportation to, or
> arrives voluntarily to commence service of
> sentence at, the official detention facility at
> which the sentence is to be served.

18 U.S.C. § 3585(a).  As can been seen, under this provision a

sentence commences when the defendant is actually transferred into

federal custody for purposes of serving his or her federal sentence.[3]

*Chambers*, 920 F. Supp. at 621-22; *see also Miller v. United States*,

---

[3]    Although the Second Circuit has squarely established otherwise, there is authority from other circuits suggesting that a trial court may override the application of section 3585(a) by specifically mandating an earlier sentence commencement date.  *See, e.g., Ruggiano v. Reish,* 307 F.3d 121, 129-32 (3d Cir. 2002) (sentencing court is authorized under section 3584, which relates to concurrent state and federal sentences, and section 5G1.3(c) of the Guidelines, to order a federal sentence to be retroactively concurrent with a state court sentence already partially served); *see also Rios v. Wiley,* 201 F.3d 257 (3d Cir. 2000) (same).  This line of cases appears to represent an aberration resulting from a failure to distinguish between downward departures under section 5G1.3 of the Guidelines, to account in fairness for time already served on a state court sentence for related conduct, and adjustment of the statutorily affixed commencement date, and may no longer be good authority.  *See, e.g., United States v. Simmons,* 450 F. Supp. 2d 574 (E.D. Pa. 2006).  In any event, this situation is not implicated in this instance since the petitioner's judgment of conviction does not signal the sentencing court's intention to make the federal court sentence imposed on April 5, 2000 fully and retroactively concurrent with the state court sentence already being served by him. *See* Response to Petition (Dkt. No. 8), Exh. B.

826 F. Supp. 636, 638 (N.D.N.Y. 1993) (McAvoy, C.J.).

Petitioner was not transferred into federal custody, for purposes of serving his sentence, until August 11, 2000.  Perkins was nonetheless given the benefit of the sentence commencement date by the BOP of April 5, 2000, the date of its imposition.  It is firmly established, and certainly within this circuit, that the earliest date upon which a federal sentence can commence is the date upon which it was imposed. *United States v. Gonzalez,* 192 F.3d 350, 353 (2d Cir. 1999) (rejecting suggestion that a sentencing court may "back date" beginning of a sentence and thereby bind the BOP to a different commencement date); *United States v. Labeille-Soto,* 163 F.3d 93, 98 (2d Cir. 1998) (noting that the determination of a commencement date is a ministerial act to be performed by statute and concluding that there is "nothing in the Act to indicate that the court is permitted to order that the sentence be deemed to have commenced on an earlier date").  Having reviewed the matter carefully, I find no basis to disturb the BOP's determination that petitioner's sentence commenced at the time of its imposition on April 5, 2000.

2.     Credits for Prior Time Served

Under certain circumstances a sentenced federal inmate may be entitled to credit for time spent in custody prior to the governing sentence commitment date.  *See Labeille-Soto*, 163 F.3d at 98-99. This element of the sentence calculation exercise is controlled by section 3585(b), which provides that

> [a] defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences –
>
> > (1) as a result of the offense for which the sentence was imposed; or
> >
> > (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585(b) (emphasis added).

In this instance petitioner was given credit by the BOP for the time spent in state custody from March 7, 1998 until the day before his first state court sentencing on July 29, 1998, even though that time was also

credited against his state sentence.[4]  Petitioner seeks additional credit, however, from July 29, 1998, a time which even predates the imposition of the sentence to which the federal sentence was deemed to be concurrent.  Since it is readily apparent that the time at which the instant petition is directed was credited against another, state court sentence, credit for that same time period was properly withheld by the BOP when calculating his federal sentence.  *See* 18 U.S.C. § 3585(b); *see also Robinson v. Drew*, No. 03-CV-1139, 2006 WL 1064180, at *2 (N.D.N.Y. Apr. 20, 2006) (Kahn, D.J. and Homer, M.J.).

In sum, I can find no error in the manner in which the BOP has calculated either the appropriate commencement date for petitioner's federal sentence or any credits, as against his federal sentence, for

_____

[4]     Ordinarily under section 3585(b) petitioner would not have been entitled to credit, as against his federal sentence, for the time spent in state custody prior to July 29, 1998, since that time was treated as an offset as against his state sentences. *See Labeille-Soto*, 163 F.3d at 99.  Although the record now before the court does not disclose the chronology associated with petitioner's federal prosecution, it appears that he nonetheless received both state and federal credit for time served between March 7, 1998 and July 29, 1998 based upon the Fifth Circuit's decision in *Willis v. United States,* 438 F.2d 923 (5th Cir. 1971) which recognized, as an exemption to the otherwise steadfast rule against double crediting, that time spent in state custody prior to federal sentencing can be credited against both subsequent federal and state sentences if the petitioner was denied release on bail by the state authorities because of the lodging of a federal detainer against him or her.  *Willis,* 438 F.2d at 925; *see also Gonzalez v. Hawke,* No. Civ. 05-0429, 2006 WL 2465307, at *7 (D.N.J. Aug. 21, 2006).

time spent in custody.

IV.    SUMMARY AND RECOMMENDATION

In his petition, Perkins challenges the BOP's calculation of his

federal sentence.  Having thoroughly reviewed the matter, which falls

within the province of the BOP, I conclude that the agency has both

properly calculated the commencement date of Perkins' federal

sentence, and did not err in refusing to credit him with pre-

commencement time spent in state custody, since the time for which he

was denied credit was also applied toward his state sentence.[5]

_____

[5]    To the extent petitioner may now be arguing that under the Sentencing
Guidelines in effect at the time of sentencing he should have received a sentence
which reflected greater credit for time served in a state court on a related conviction,
or that, as his petition intimates, he was improperly counseled by his attorney prior
to pleading guilty on the federal charges, these are matters more appropriately
raised by motion brought before the sentencing court under 28 U.S.C. § 2255.  *See
Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) (stating that § 2255 is the
appropriate vehicle for a federal prisoner to challenge the *legality* of his or her
conviction or sentence); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir.
1997) (same); *see also* 28 U.S.C. § 2255.  While in his request for relief petitioner
does request that the court, in the alternative, transfer the matter to that district in
which his conviction was entered, I conclude that since this petition is properly
regarded as having been brought under section 2241, it would not be appropriate to
convert it to a motion under section 2255 and transfer it to that district.  *See*, e.g,
*James v. Walsh*, 308 F.3d 162, 166 (2d Cir. 2002) (noting that the "substance of the
petition, rather than its form" controls how the petition is characterized) (citing
*Chambers*, 106 F.3d at 475).  In any event, district courts generally are precluded
from simply recharacterizing a petition made under another rule as a § 2255 motion.
*See Adams*, 155 F.3d at 584.  Given that the Antiterrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214 (1996)
imposes strict limitations on a petitioner's ability to bring second or successive
applications under 28 U.S.C. §§ 2254 and 2255, the conversion of an application to
a § 2255 motion may cause any subsequent filing by petitioner to be barred as a

Based upon the foregoing it is hereby

RECOMMENDED that the petition in this matter be DENIED and DISMISSED in all respects.

NOTICE:  pursuant to 28 U.S.C. § 636(b)(1), the parties have ten (10) days within which to file written objections to the foregoing report-recommendation.  Any objections shall be filed with the clerk of the court.  FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72; *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993).


Dated:      April 16, 2007
            Syracuse, NY



David E. Peebles
U.S. Magistrate Judge

---

second motion.  *See Adams*, 155 F.3d at 583.  Accordingly, until it can be determined whether such a conversion will affect a petitioner's right to bring future habeas petitions, a district court cannot convert a petition filed under another rule to a § 2255 motion without notice of the potential adverse repercussions to the petitioner, who can either agree to the recharacterization or withdraw his or her filing.  *Id.* at 584.